# United States District Court
### Eastern District of Missouri

UNITED STATES OF AMERICA  
v.  
RICHARD BRANDY-BEY  
*Defendant*

**ORDER OF DETENTION**  
☑ **PENDING TRIAL**

Case Number: 4:07CR0483 RWS

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part 1 - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ *
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

At the hearing, the government objected to the Pretrial Services Report (PSR) dated October 15, 2007, as it did not accurately reflect Defendant's prior criminal history or history while on parole. After review of the records, counsel for both parties agreed that in addition to the counts of conviction noted in 1988, Defendant was also convicted of two additional counts of armed criminal action and a separate count of burglary-1st. In addition, Defendant's parole record should reflect the following: In 1999 Defendant was paroled to a halfway house, but was declared a walk-away, and his parole was revoked. Defendant was released in 2000, but violated his parole again in 2000, and was returned   (con't)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  
☒ a preponderance of the evidence that     ☒ clear and convincing evidence that

there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community, for the reasons set forth in the PSR, as amended. The Court notes that although Defendant's convictions occurred nearly 20 years ago, Defendant committed the numerous offenses for which he was convicted in 1988 while he was on probation for a prior offense. Defendant thereafter violated the terms of his parole at least four times, at least two such violations involving Defendant absconding. Defendant then allegedly committed the instant offense -- which led to both a state charge and the current federal charge -- within only 10 months after his release. While Defendant was granted bond by the state and has not had that bond revoked, the Court notes that Defendant has admitted to smoking marijuana as recently as two weeks ago, which would have been   (con't)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 16, 2007

/s/ Audrey G. Fleissig  
*Signature of Judicial Officer*

Audrey G. Fleissig, United States Magistrate Judge  
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 *et seq.*) (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*) or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. §955a).

DEFENDANT: RICHARD BRANDY-BEY

CASE NUMBER: 4:07CR0483 RWS

## Continued

Con't

to custody until 2002. Defendant was released on parole in 2002, but again violated and was returned to custody. Defendant was released on parole in 2005, but was declared an absconder in 2005 and was returned to custody until January 2006, at which time Defendant was released. As so amended, the parties had no objection to the information contained in the PSR.

Con't

while Defendant was on bond related to the state charge. Defendant is also now facing a serious charge that carries a substantial penalty, which could increase Defendant's incentive to flee. Further, Defendant's prior convictions are for serious offenses, involving violence, including multiple convictions for felonious restraint and armed criminal action, and Defendant is now charged with possessing a firearm. For all of these reasons, and the further reasons set forth in the PSR, the Court finds an order of pretrial detention to be appropriate.